IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge S. Kato Crews

Civil Action No. 1:19-cv-00138-CMA-SKC

VISTA PARTNERS, INC.,

    Plaintiff,

v.

BRAINSCOPE COMPANY, INC.,

    Defendant.

---

**RECOMMENDATION RE: MOTION TO TRANSFER VENUE [ECF. #24]**

---

    This order addresses Defendant BrainScope Company, Inc.'s ("BrainScope") Motion to Transfer Pursuant to 28 U.S.C. § 1404(a) ("Motion"). [ECF. #24.] Plaintiff Vista Partners, Inc. ("Vista") filed a Response [ECF. #42], which was followed by BrainScope's Reply. [ECF. #55.] The Motion was referred to the magistrate judge on April 4, 2019. [ECF. #62.] The Court has reviewed the Motion and related briefing, the entire case file, and the applicable law. The Court concludes that oral argument would not materially assist in deciding this matter. For the following reasons, the Court RECOMMENDS that the Motion be GRANTED.

## BACKGROUND

    In its Complaint, Vista alleges that in November 2014, it entered into a Confidentiality Agreement with BrainScope to evaluate a potential business relationship. [ECF. #1 at ¶ 28.] This agreement required that "[a]ll actions arising under this Agreement shall be filed and maintained only in a state or federal court sitting in the State of Maryland, except that Recipient may enforce a judgment or order in any court of competent

jurisdiction," and that "[t]he parties hereby consent to and waive any objection to the personal jurisdiction of, and venue in, such courts." [ECF. #1-1 at ¶9.]

The parties then entered into negotiations, which culminated in a Collaboration Agreement that would govern the parties' working relationship. [ECF. #1 at ¶¶34-36.] This agreement also contained a forum-selection clause, stating in pertinent part:

> The Parties agree that *any litigation* between them *may only be brought in courts located within Maryland*, and each Party consents to the jurisdiction of those courts. However, either Party may bring an action in any court of proper jurisdiction for purposes of seeking an injunction to stop or prevent a breach of this Contract by the other Party.

[ECF. #1-2 at p.21 (emphasis added).]

In October 2015, the parties entered into a second Confidentiality Agreement, to evaluate "a potential business combination." [ECF. #1 at ¶59.] The second agreement provided that BrainScope could enforce its rights under the contract pursuant to "the laws of the State of Maryland" and that "all actions arising under this Agreement shall be filed and maintained only in a state or federal court sitting in the State of Maryland." [ECF. #1-3 at ¶9.] The agreement further stated that if Vista wished to enforce its rights, the contract would be interpreted under Colorado law and "all actions arising under this Agreement shall be filed and maintained only in a state or federal court sitting in Denver, Colorado." [*Id.*] The second Confidentiality Agreement expressly superseded the *first* Confidentiality Agreement but was explicit that it did not terminate or supersede "the confidentiality obligations of the parties under that certain Collaboration Agreement." [*Id.* at ¶13.]

Vista initiated this action on January 15, 2019, asserting, among other things, claims for breach of contract, fraudulent inducement, and rescission. [ECF. #1.] Vista seeks injunctive and declaratory relief, and an award of actual, consequential, and

2

exemplary damages as well as restitution. [*Id.* at pp. 33-35.] However, BrainScope, citing the forum-selection clause in the Collaboration Agreement, seeks an order requiring a transfer of venue to the United States District Court for the District of Maryland.

## STANDARD OF REVIEW

"For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Ordinarily, the party bringing a motion for transfer under § 1404(a) "bears the burden of establishing that the existing forum is inconvenient." *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1515 (10th Cir. 1991). The calculus changes, however, when the parties' contract contains a valid forum-selection clause, which "represents the parties' agreement as to the most proper forum." *Stewart Org. v. Ricoh Cor.*, 487 U.S. 22, 31 (1988). In such instances, the motion to transfer should be granted absent "extraordinary circumstances unrelated to the convenience of the parties." *Atl. Marine Constr. Co. v. United States Dist. Court*, 571 U.S. 49, 52 (2013).

In the presence of a valid forum-selection clause, a "plaintiff's choice of forum merits no weight, and the plaintiff, as the party defying the forum-selection clause, has the burden of establishing that transfer to the forum for which the parties bargained is unwarranted." *Id.* at 574. In addition, the Court may not consider the parties' private interest, but rather, must consider only public interests. *Id.* "Because public-interest factors will rarely defeat a transfer motion, the practical result is that forum-selection clauses should control except in unusual cases." *Id.*

3

**ANALYSIS**

**A.     Collaboration Agreement**

It is clear to the Court that the Collaboration Agreement's forum-selection clause, if enforceable, requires Vista to file this suit in Maryland. First, as BrainScope correctly observes, a review of the Complaint demonstrates that all of Vista's claims (except claim six, discussed *infra*) are linked to the Collaboration Agreement and/or actions the parties took pursuant to that agreement.[1] [ECF. #1.] The forum-selection clause is broadly written, encompassing "any litigation" between the parties and its language is unequivocally mandatory. [ECF. #1-2 at p.21.]

Although the Collaboration Agreement contains language permitting the parties to seek injunctive relief to prevent a breach of contract in any court of proper jurisdiction, the Court agrees with BrainScope that Vista's suit goes beyond seeking purely injunctive relief. [ECF. #24 at pp.11-13.] Vista also seeks declaratory relief and an award of damages based on its various claims, which certainly falls under the broad terms of the forum-selection clause; thus, these claims for relief must be brought in Maryland. [ECF. #1 at pp.33-35.] In addition, the Court concludes that it would not be appropriate to sever the claims for injunctive relief to retain jurisdiction over them. To maintain a suit for injunctive relief in Colorado, while simultaneously sending a substantially related action to Maryland, would very likely result in duplicative discovery and unnecessary expense to the parties. Transfer of all claims, and requests for relief, would allow the parties to

---

[1] Although claim one ostensibly alleges a breach of the Confidentiality Agreements, the Court notes that this claim is dependent on rescission of the Collaboration Agreement or a finding that BrainScope breached the Collaboration Agreement. [ECF. #1 at ¶¶96-97.] Those questions must be answered by the United States District Court for the District of Maryland.

coordinate discovery, and would avoid subjecting the parties to inconsistent obligations in multiple courts. Transfer would also promote judicial economy. *See* Fed. R. Civ. P. 1 (The Court and the parties have the duty "to secure the just, speedy, and inexpensive determination of every action and proceeding.").

In addition, and contrary to Vista's arguments, the plain language of the second Confidentiality Agreement expressly states that it does not "terminate or supersede the confidentiality obligations of the parties under [the] Collaboration Agreement." [ECF. #1-3 at 3.] Indeed, the second Confidentiality Agreement makes no mention of the forum-selection clauses. Thus, the Court rejects Vista's argument that the forum-selection clause in the second Confidentiality Agreement supersedes the Collaboration Agreement's forum provision. *One Call Locators, Ltd. v. CenturyTel Serv. Grp., LLC*, No. 16-CV-00844-CMA-KMT, 2017 WL 6017223, at *2 (D. Colo. Dec. 5, 2017) ("a subsequent contract not pertaining to 'precisely the same subject matter' will not supersede an earlier contract unless the subsequent contract has definitive language indicating it revokes, cancels, or supersedes that specific prior contract."). Therefore, the Court must now determine whether the forum-selection clause is enforceable.

Forum-selection clauses are presumptively valid under federal law and should not be set aside unless the party challenging the clause demonstrates that enforcement would be unreasonable. *See M/S Bremen v. Zapata Off–Shore Co.,* 407 U.S. 1, 12 (1972). A forum-selection clause is unreasonable if (1) it was incorporated into a contract as a result of fraud, undue influence, or overweening bargaining power, (2) the selected forum is so gravely difficult and inconvenient that the complaining party will, for all practical purposes, be deprived of his day in court, or (3) enforcement of the clause would

contravene a strong public policy of the forum in which the suit is brought. *Archer v. Darling*, No. 09-cv-01988-PAB-KMT, 2011 WL 861201, at *2 (D. Colo. Mar. 9, 2011) (citing *M/S Bremen*, 407 U.S. at 12-18).

The qualification regarding fraud and undue influence "does not mean that any time a dispute arising out of a transaction is based upon an allegation of fraud, as in this case, the clause is unenforceable. Rather, it means that an arbitration or forum-selection clause in a contract is not enforceable if the inclusion of that clause in the contract was the product of fraud or coercion." *Scherk v. Alberto-Culver Co.*, 417 U.S. 506, 519 n.14 (1974) (citing *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395 (1967)).

Here, in the Complaint, Vista asserts that BrainScope fraudulently induced Vista into entering the Collaboration Agreement. [ECF. #1 at ¶¶171-72.] However, Vista has not specifically alleged that the forum-selection clause was incorporated into the Collaboration Agreement because of fraud, undue influence, or overweening bargaining power. [*See generally* ECF. #42.] Nor has Vista made any such assertions in its Response. [*See* ECF. #42.] Accordingly, enforcement of the forum-selection clause is not unreasonable. *Haynsworth v. The Corp.*, 121 F.3d 956, 963 (5th Cir. 1997) ("[A]llegations of such [fraudulent] conduct as to the contract as a whole – or portions of it other than the . . . [forum-selection] clause – are insufficient; the claims of fraud or overreaching must be aimed straight at the [forum-selection] clause in order to succeed.") (internal punctuation omitted).

Vista also contends that the Court should not enforce the forum-selection clause because the Collaboration Agreement "is likely to be rescinded, [and therefore,] its forum-selection clause is not valid." [ECF. #42 at p. 11.] BrainScope contends that whether the

contract was rescinded or terminated is a question of contract interpretation that must be resolved in a Maryland court. [ECF. #55 at p.4.]

Although the Tenth Circuit does not appear to have explicitly addressed this issue, the Court is guided in its analysis by *Marra v. Papandreou*, 216 F.3d 1119, 1125 (D.C. Cir. 2000). There, the plaintiff sued the Greek government for breach of contract in the United States District Court. *Id.* at 1120. The contract had a forum-selection clause that required any dispute arising out of the contract to be settled by Greek courts. The plaintiff argued that the defendant's repudiation of the contract relieved her from complying with the forum-selection clause. *Id.* The D.C. Circuit Court of Appeals disagreed and held that a forum-selection clause survives repudiation unless the repudiation is specifically aimed at the forum-selection clause itself. The Court of Appeals held that while a party is relieved of its obligations when the other party repudiates the contract, a forum-selection clause is not an obligation owed, but a condition precedent to suit under the contract. *Id.* at 1125. The court held that the forum-selection clause was still enforceable because the repudiation had not been aimed at that clause specifically. *Id.*

Although the issue in this case involves rescission, as opposed to repudiation, the Court finds *Marra* instructive. Either the Collaboration Agreement will not be rescinded, and therefore, the forum-selection clause is controlling, or the contract will be rescinded, in which case the forum-selection clause remains valid because there is no indication that any alleged rescission was aimed directly at the forum-selection clause. *Marra*, 216 F.3d at 1125. As in *Marra*, the forum-selection clause in this case is a condition precedent to suit under the contract with which Vista is obligated to comply.

Accordingly, because the forum-selection clause is enforceable, Vista is not

excused from performance under the clause. Because the clause is given controlling weight, the burden shifts to Vista to prove extraordinary circumstances as to why BrainScope's motion should be denied. *See Atl. Marine*, 571 U.S. at 62. Vista offered no arguments in this regard, choosing instead to focus on the private interest factors [ECF. #42 at p.13.], which are not entitled to any weight. *Atl. Marine*, 571 U.S. at 62. Thus, Vista has not met its burden.

Undertaking the question of its own accord, the Court observes that most of the claims will be governed by Maryland law, which weighs in favor of transfer. *See Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241, n.6 (1981) (listing a court's familiarity with the "law that must govern the action" as a potential factor). And to the extent that Colorado law will govern any of the claims, cases involving Colorado laws have been transferred to other states. *See, e.g., Int'l Beauty Prods., LLC v. Beveridge*, 402 F.Supp. 2d 1261 (D. Colo. 2005) (transferring civil theft claims from Colorado to California); *see, e.g., Bowers v. Tension Int'l, Inc.*, No. 15-cv-02734-WJM-KLM, 2016 WL 3181312, at *5 (D. Colo. June 8, 2016) (transferring a case involving a violation of the Colorado Wage Act from Colorado to Missouri).[2]

Based on the foregoing, the Court concludes that all of Vista's claims—except claim six, which the Court addresses below—should be transferred pursuant to 28 U.S.C. § 1404(a) to the United States District Court for the District of Maryland.

**B.   Investor Rights Agreement**

The Complaint alleges that BrainScope solicited a $50,000 investment from Vista.

---

[2] The Court also notes that BrainScope has apparently initiated its own cause of action in the District of Maryland. [ECF. #55 at p.1 n.1.] To be sure, this further supports the Court's conclusion that transferring the case would promote judicial economy.

BrainScope allegedly promised that, in exchange for the investment, Vista would receive royalties. Although Vista purchased $50,000 in BrainScope stock, it never received any royalties. [ECF. #1 at ¶¶67-69.] In its sixth claim for relief, Vista alleges that BrainScope fraudulently induced it into making the investment. [*Id.* at ¶¶ 147-53.]

In its Motion, BrainScope argues that the Investor Rights Agreement ("IRA"), which governs Vista's purchase of stock, contains a forum-selection clause requiring this claim be brought in any state or federal court located in the County of New Castle, Delaware. [ECF. #24 at p.4; *see also* ECF. #24-1 at p.25.] Like the forum-selection clause in the Collaboration Agreement, the clause in the IRA is both mandatory and broad in scope, applying to "any action brought by either party under or in relation to [the IRA]." [*Id.*]

In response, Vista argues that the investment contract was fraudulently induced, and therefore, the forum-selection selection clause does not control.[3] [ECF. #42 at p.4-5.] However, as this Court previously discussed, a "forum-selection clause in a contract is not enforceable *if the inclusion of that clause* in the contract was the product of fraud or coercion." *Scherk*, 417 U.S. at 519 n.14 (emphasis added). Vista's allegations regarding fraudulent inducement are not aimed specifically at the forum-selection clause;

---

[3] In support of its contention, Vista cites *El Paso Natural Case Co. v. TransAmerica Natural Gas Corp.*, 669 A.2d 36 (Del. 1995), for the proposition that where a contract is fraudulently induced, "its component part, the forum-selection clause, will likewise be a nullity." [ECF. #42 at 4.] However, this language conflicts with the Supreme Court's discussion in *Scherk. See* 417 U.S. at 519 n.14; *see also supra* Section A. In addition, the Delaware court offered no discussion of this principle and cited no case law in support thereof. Furthermore, in *El Paso*, the Delaware Supreme Court concluded that the forum-selection was invalid because it purported to confer jurisdiction on the Delaware Court of Chancery, which is an equitable court, and therefore, of limited jurisdiction. 669 A.2d at 38-39. The court concluded that the parties could not determine the jurisdiction of an equitable court via private bargaining. *Id.* Thus, the Delaware court's cursory statement regarding fraudulent inducement was arguably *dicta*.

thus, its argument is not persuasive. *Haynsworth*, 121 F.3d at 963; *see also Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 445-46 (2006) (With respect to claims of fraudulent inducement, "unless the challenge is to the arbitration clause itself, the issue of the contract's validity is considered by the arbitrator in the first instance.").

As with the Collaboration Agreement, Vista has not offered any arguments regarding the public interest factors. Consequently, it has not met its burden of demonstrating extraordinary circumstances as to why this matter should not be transferred. Thus, the Court concludes that the forum-selection clause in the IRA should be enforced.

That does not end the inquiry with respect to this claim. In its request for relief, BrainScope requests that this case be transferred in its entirety to the United States District Court for the District of Maryland. But the Court concludes it would be contrary to its obligations under Rule 1 to transfer a claim to Maryland knowing that its proper venue lies in Delaware.[4]

Because "[s]ection 1404(a) only authorizes the transfer of an entire action, not individual claims," *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 929 F.2d 1509, 1518 (10th Cir. 1991) (citation omitted), the Court should sever Vista's sixth claim pursuant to Fed. R. Civ. P. 21, resulting in two separate actions. *Chrysler Credit Corp.*, 929 F.2d at 1519. The Court may then transfer the Collaboration Agreement claims to Maryland and the IRA claim (claim six) to the United States District Court for the District of Delaware.[5]

---

[4] The Court is concerned that sending this case, it its entirety, to Maryland will only tee up another venue dispute regarding claim six and whether it ought to then be transferred from Maryland to Delaware.

[5] Although the IRA provides for state or federal jurisdiction, Vista chose to bring its claims in federal court based on diversity jurisdiction. In the alternative, the Court recommends

10

## CONCLUSION

For the foregoing reasons, the Court RECOMMENDS that BrainScope Company Inc.'s Motion to Transfer Pursuant to 28 U.S.C. § 1404(a) be GRANTED. [ECF. #24.]

IT IS FURTHER RECOMMENDED that Vista Partners, Inc.'s sixth claim for relief be severed and transferred to the United States District Court for the District of Delaware.

IT IS FURTHER RECOMMENDED that remaining claims be transferred to the United States District Court for the District of Maryland.

IT IS FURTHER ORDERED that this case remains set for a Status Conference on April 24, 2019 at 8:30 AM in Courtroom C204 in front of Magistrate Judge Crews.

DATED: April 11, 2019

BY THE COURT:

S. Kato Crews
United States Magistrate Judge

**NOTICE: Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case. A party may respond to another party's objections within fourteen (14) days after being served with a copy. The District Judge need not consider frivolous, conclusive, or general objections. A party's failure to file and serve such written, specific objections waives *de novo* review of the**

---

dismissing this claim without prejudice based on improper venue, permitting Plaintiff to refile in the Delaware court of its choosing.

11

**recommendation by the District Judge, and waives appellate review of both factual and legal questions.** *Thomas v. Arn*, **474 U.S. 140, 148–53 (1985);** *Makin v. Colorado Dep't of Corrs.*, **183 F.3d 1205, 1210 (10th Cir. 1999);** *Talley v. Hesse*, **91 F.3d 1411, 1412–13 (10th Cir. 1996).**