IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 19-cv-00138-CMA-SKC

VISTA PARTNERS, INC.,

    Plaintiff,

v.

BRAINSCOPE COMPANY, INC.,

    Defendant.

**ORDER ADOPTING IN PART THE RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE S. KATO CREWS**

This matter is before the Court on review of the Recommendation by United States Magistrate Judge S. Kato Crews (Doc. # 68), wherein he recommends that this Court grant Defendant BrainScope Company, Inc.'s Motion to Transfer Pursuant to 28 U.S.C. § 1404(a) (Doc. # 24). On April 25, 2019, Plaintiff Vista Partners, Inc. filed an Objection to the Recommendation. (Doc. # 73.) On May 1, 2019, Defendant responded to Plaintiff's Objection. (Doc. # 76.) For the following reasons, Plaintiff's objections are overruled. The Court adopts in part the Recommendation.

**I.     BACKGROUND**

**A.     FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Magistrate Judge Crews provided a thorough recitation of the factual and procedural background in this case. The Recommendation is incorporated herein by

reference, *see* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b), and the facts will be repeated only to the extent necessary to address Plaintiff's objections.

On January 15, 2019, Plaintiff initiated this action against Defendant and asserted nine claims for relief, all of which either relate to or arise out of certain agreements between the parties. (Doc. # 1 at 19–33.) Plaintiff alleged that in November 2014, it executed a confidentiality agreement with Defendant to evaluate a potential business relationship ("Confidentiality Agreement"). (Doc. # 1 at ¶ 28.) The Confidentiality Agreement provided:

> All actions arising under this Agreement shall be filed and maintained only in a state or federal court sitting in the State of Maryland, except that Recipient may enforce a judgment or order in any court of competent jurisdiction. The parties hereby consent to and waive any objection to the personal jurisdiction of, and venue in, such courts.

(Doc. # 1-1 at 2, ¶ 9.)

On January 8, 2015, the parties then executed an agreement which governed the parties' working business relationship ("Collaboration Agreement"). (Doc. # 1 at ¶¶ 34–36.) Germane to the Recommendation, the Collaboration Agreement provided:

> The Parties agree that any litigation between them may **only** be brought in courts located within Maryland, and each Party consents to the jurisdiction of those courts. However, either Party may bring an action in any court of proper jurisdiction for purposes of seeking an injunction to stop or prevent a breach of this Contract by the other Party.

(Doc. # 1-2 at 21, ¶ (e) (emphasis added).)

Thereafter in October 2015, the parties executed another confidentiality agreement to evaluate "a potential business combination" ("Second Confidentiality Agreement") which superseded the Confidentiality Agreement. (Doc. # 1 at ¶ 59; Doc. #

2

1-3 at ¶ 13.) Pertinent to the Recommendation, the Second Confidentiality Agreement provided:

> This Agreement shall be governed by and construed in accordance with the laws of the State of Maryland, without giving effect to the choice of law principles of any jurisdiction to the contrary, and all actions arising under this Agreement shall be filed and maintained only in a state or federal court sitting in the State of Maryland, in the event that BrainScope [Defendant] seeks to enforce the Company's obligations and BrainScope's rights hereunder.
>
> This Agreement shall be governed by and construed in accordance with the laws of the State of Colorado, without giving effect to the choice of law principles of any jurisdiction to the contrary, and all actions arising under this Agreement shall be filed and maintained only in a state or federal court sitting in Denver, Colorado, in the event that the Company [Plaintiff] seeks to enforce BrainScope's obligations and the Company's rights hereunder.
>
> The parties hereby consent to and waive any objection to the personal jurisdiction of, and venue in, such courts.

(Doc. # 1-3 at 2, ¶ 9.)

Importantly, the parties clarified that the Second Confidentiality Agreement did **not** "terminate or supersede the confidentiality obligations of the parties under that certain Collaboration Agreement dated January 8, 2015" and that the "[t]he confidentiality provisions of the Collaboration Agreement shall remain in effect notwithstanding the execution of this Agreement and the parties' interaction hereunder." (Doc. # 1-3 at 3, ¶ 13.)

In the Complaint, Plaintiff asserts one claim related to the Confidentiality and Collaboration Agreements (Claim One) (Doc. # 1 at ¶¶ 90–99), five claims related to the Collaboration Agreement (Claims Two, Three, Four, Five, and Nine) (Doc. # 1 at ¶¶ 100–146), one tort claim related to the Confidentiality and Collaboration Agreements (Claim Eight) (Doc. # 1 at ¶¶ 163–168), one tort claim arguably unrelated to the

3

Confidentiality and Collaboration Agreements (Claim Six) (Doc. # 1 at ¶¶ 147–153), and one trade secret misappropriation claim involving conduct related to the Collaboration Agreement (Claim Seven) (Doc. # 1 at ¶¶ 154–162).

On February 26, 2019, Defendant moved to transfer this action to United States District Court for the District of Maryland pursuant to the Collaboration Agreement forum-selection clause. (Doc. # 24 at 7–9.) On March 12, 2019, Plaintiff responded. (Doc. # 42.) On March 26, 2019, Defendant filed its reply to the Response. (Doc. # 55.)

**B.      THE MAGISTRATE JUDGE'S RECOMMENDATION**

As is discussed in greater detail below, Magistrate Judge Crews issued his Recommendation that the Court grant Defendant's Motion to Transfer Venue on April 11, 2019 (Doc. # 68). First, the Magistrate Judge determined that the forum-selection clause of the Collaboration Agreement was mandatory, presumptively valid, and enforceable. (Doc. # 68 at 4–6.) Next, the Magistrate Judge determined that Plaintiff did not meet its burden to demonstrate that enforcement of the Collaboration Agreement's forum selection clause would be unreasonable. (*Id.* at 5–6.) Finally, Magistrate Judge Crews disagreed with Plaintiff that whether the Collaboration Agreement was rescinded played a role in whether to grant Defendant's Motion to Transfer. (*Id.* at 6–7.) Because the Magistrate Judge determined that the Collaboration Agreement's forum-selection clause was enforceable, he recommends that, pursuant to 28 U.S.C. § 1404(a), all of Plaintiff's claims, except Claim Six, should be transferred to the United States District Court for the District of Maryland. (*Id.* at 8.)

With respect to Claim Six, Fraudulent Misrepresentation as to Investment (Doc. # 1 at ¶¶ 147–153), Magistrate Judge Crews observed that these allegations related to a different agreement subject to a separate mandatory forum-selection clause that required Claim Six to be transferred to a venue in Delaware. (Doc. # 68 at 9–10.) As such, the Magistrate Judge recommends that, pursuant to Rule 21, the Court sever Plaintiff's claims into two actions—a Collaboration Agreement action and Claim Six action—and transfer the Collaboration Agreement action to Maryland and the Claim Six action to Delaware. (*Id.* at 10.)

On April 25, 2019, Plaintiff filed its Objection to the Magistrate Judge's Recommendation. (Doc. # 73.) Plaintiff argues that the Recommendation is erroneous for several reasons. First, Plaintiff contends that most of its claims do not relate to the Collaboration Agreement. (*Id.* at 9.) Next, Plaintiff asserts that Magistrate Judge Crews erred in concluding that the Collaboration Agreement forum-selection clause was mandatory rather than permissive, and as a result, the Magistrate Judge incorrectly applied the *Atlantic Marine* analysis as opposed to a traditional § 1404(a) analysis. (*Id.* at 10–11, 14.) Further, Plaintiff avers that the Collaboration Agreement forum-selection clause permits Plaintiff to file the action in Colorado because Plaintiff's claims are really "injunctive relief." (*Id.* at 11.) Moreover, Plaintiff contends that the Collaboration Agreement forum-selection clause is invalid as the Second Confidentiality Agreement superseded the clause. (*Id.* at 12.) Finally, Plaintiff argues that Claim Six is not subject to the separate mandatory forum-selection clause within a different agreement.

5

On May 1, 2019, Defendant filed its response to Plaintiff's Objection. (Doc. # 76.) For the following reasons, the Court adopts in part the Recommendation.

## II.  STANDARD OF REVIEW

When a magistrate judge issues an order on a nondispositive pretrial matter, "[t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is **clearly erroneous** or is **contrary to law**." Fed. R. Civ. P. 72(a) (emphasis added). Under the clearly erroneous standard, "the reviewing court [must] affirm unless it 'on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)); *Allen v. Sybase, Inc.*, 468 F.3d 642, 658 (10th Cir. 2006). The "'clearly erroneous' standard is 'significantly deferential.'" *Chung v. Lamb et. al.*, No. 14-cv-03244-WYD-KLM, 2018 WL 7141423, at * 1 (D. Colo. Jan. 3, 2018) (quoting *United States v. Gallegos*, 314 F.3d 456, 462 n.3 (10th Cir. 2002)). "[M]ere disagreement with [a] Magistrate Judge['s] recommendation does not make the recommendation incorrect or outside the bounds of [her] authority." *Rader v. United States*, No. 08-cv-00568-WDM-MEH, 2008 WL 4949168, at *3 (D. Colo. Nov. 17, 2008).

A motion to transfer venue is not dispositive in nature. *Berentsen v. Titan Tech. Partners, Ltd.*, No. 08-CV-02415-MSK-KMT, 2009 WL 122564, at *1 (D. Colo. Jan. 15, 2009). A matter is dispositive if the ruling effectively removes a defense or claim from the case. *In re Motor Fuel Temperature Sales Practices Litig.*, 261 F.R.D. 577, 579 (D. Kan. 2009). Similar to a motion to remand, a motion related to venue "is concerned only

with which court will hear the claims and defenses, not with resolving the merits of those claims and defenses." *Wachovia Bank, N.A. v. Deutsche Bank Tr. Co. Ams.*, 397 F. Supp. 2d 698, 702 (W.D.N.C. 2005). Indeed, several courts have held that a motion for § 1404(a) transfer is a non-dispositive matter. *Hubbard v. Argent Mortg. Co., LLC*, No. 15-CV-02375-WJM-CBS, 2016 WL 4537869, at *3–4 (D. Colo. Aug. 31, 2016) (collecting cases); *Blinzler v. Marriott Int'l, Inc.,* 857 F. Supp. 1, 2 (D.R.I. 1994).

The Court, thus, will apply the clear error standard to the Recommendation.[1]

### III. ANALYSIS

### A. THE COLLABORATION AGREEMENT FORUM-SELECTION CLAUSE IS MANDATORY, VALID, AND APPLIES TO ALL BUT ONE OF PLAINTIFF'S CLAIMS.

Magistrate Judge Crews determined that the Collaboration Agreement forum-selection clause was "unequivocally mandatory" as to "any litigation" between the parties except for when a party seeks an injunction "to stop or prevent a breach" of the Collaboration Agreement. (Doc. # 68 at 4; Doc. # 1-2 at 21, ¶ (e).) Plaintiff argues that the clause is not mandatory, and even if the clause was, the limited exception contained therein conflicts with the mandatory language, and as such, the limited exception must essentially swallow whole the mandatory rule. (Doc. # 73 at 10–11.) In support of its argument, Plaintiff relies on an unpublished decision from the Central District of

---

[1] Plaintiff is incorrect that D.C.COLO.LCivR 72.3(a) mandates that motions to transfer are considered dispositive for purposes of the Court's review of a magistrate judge's recommendation. (Doc. # 73 at 3 n.1.) The Federal Rules of Civil Procedure, federal law, and case law construing the same trump the Local Rules of Practice of the United States District Court for the District of Colorado. In addition, D.C.COLO.LCivR 72.3(a) is limited to circumstances in which the Magistrate Judge is making a "final determination of a dispositive motion with the unanimous consent of the parties[.]" In the instant case, the parties have not unanimously consented to the Magistrate Judge. (Doc. # 27.)

California and a Maryland state court decision that provides "where two clauses or parts of a written agreement are apparently in conflict and one is general in character and the other is specific, the specific stipulation will take precedence over the general, and control it." (*Id.* at 10–11 (citing *Goldschmied v. Brifil*, No. CV 18-7092, 2018 WL 6430545, at *2, 7–8 (C.D. Cal. Oct. 17, 2018)) (quoting *Mattingly Lumber v. Equitable Bldg.*, 5 A.2d 458, 460 (Md. 1939)).)

The Court is unconvinced that Magistrate Judge Crews's conclusion that the Collaboration Agreement forum-selection clause was mandatory is clearly erroneous or contrary to law. Indeed, the use of the word "only" demarcates that the clause is mandatory. *Am. Soda, LLP v. U.S. Filter Wastewater Grp., Inc.*, 428 F.3d 921, 927 (10th Cir. 2005) (citing *K&V Scientific v. BMW*, 314 F.3d 494, 499 (10th Cir. 2002)); (Doc. # 1-2 at 21, ¶ (e).) The limited exception for injunctive claims in the forum-selection clause does not obviate the mandatory nature of that clause as to non-injunctive claims. *See Structural Preservation Sys., LLC v. Andrews*, 931 F. Supp. 2d 667, 675 (D. Md. 2013) (holding that forum-selection clause was mandatory where the clause provided actions should only be filed in Maryland subject to a party's "right to seek injunctive relief in any a court of competent jurisdiction"); (Doc. # 75 at 5.)

Moreover, the Court agrees with Magistrate Judge Crews that the Second Confidentiality Agreement did not supplant the Collaboration Agreement forum-selection clause. (Doc. # 68 at 5.) The Magistrate Judge rejected Plaintiff's argument to the contrary because the Second Confidentiality Agreement does not "mention [] the [Collaboration Agreement] forum-selection clause" and "expressly states that it does not

'terminate or supersede the confidentiality obligations of the parties under [the] Collaboration Agreement.'" (Doc. # 68 at 5 (quoting Doc. # 1-3 at 3).) Indeed, the parties preserved the Collaboration Agreement and kept intact the confidentiality provisions thereof, whereas the parties omitted any reference to the Collaboration Agreement forum-selection clause. (Doc. # 68 at 5; Doc. # 1-3 at 3); *One Call Locators, Ltd. V. CenturyTel Serv. Grp., LLC*, No. 16-cv-00844-CMA-KMT, 2017 WL 6017223, at *2 (D. Colo. Dec. 5, 2017) (explaining that "a subsequent contract not pertaining to precisely the same subject matter will not supersede an earlier contract unless the subsequent contract has definitive language indicating it revokes, cancels, or supersedes that specific prior contract") (internal quotations omitted). The Magistrate Judge's decision to rely on a previous order from this Court as opposed to precedent that was neither binding nor on-point is not contrary to the law. (Doc. # 68 at 5.)

Additionally, Plaintiff suggests that its claims are properly cabined as "injunctive relief" permitted under the limited exception in the Collaboration Agreement forum-selection clause. (*Id.*) Yet Plaintiff's attempt to characterize its claims as "injunctive relief" is unavailing. The Court agrees with Magistrate Judge Crews and Defendant that Plaintiff is not "seeking purely injunctive relief" to "stop or prevent" breach of the Collaboration Agreement. (Doc. # 68, at 4; Doc. # 76 at 5.)

All of Plaintiff's claims involve seeking declaratory relief as to clarification or enforcement of the parties' rights and obligations under the Confidentiality and Collaboration Agreements or monetary relief in the form of "an award of damages" or restitution. (Doc. # 1 at ¶¶ 97, 115, 127–28, 134, 146, 153, 161, 167, 176–180.)

Plaintiff's claims cannot be disentangled to constitute "an injunction to stop or prevent a breach of" the Collaboration Agreement. (Doc. # 1-2 at 21, ¶ (e).) It was not clear error for the Magistrate Judge to arrive at the same conclusion. Instead, Plaintiff's objection to this point boils down to "mere disagreement" with the Magistrate Judge's Recommendation. And those grounds do not render that recommendation incorrect. *Rader*, 2008 WL 4949168 at *3. Accordingly, eight of Plaintiff's claims are subject to the Collaboration Agreement's mandatory forum-selection clause.

Plaintiff contends that because the Collaboration Agreement forum-selection clause is not mandatory, the traditional *forum non conveniens* analysis applies and Defendant failed to meet its burden thereunder. (Doc. # 73 at 11). However, because the Court agrees that the Collaboration Agreement forum-selection clause is mandatory and applies to eight of Plaintiff's claims, the Court overrules Plaintiff's objection that the Magistrate Judge applied the wrong legal analysis. (*Id.* at 11.)

**B.    THE COLLABORATION AGREEMENT FORUM-SELECTION CLAUSE IS ENFORCEABLE.**

Upon determining that the Collaboration Agreement forum-selection clause was mandatory and applicable to Plaintiff's claims, Magistrate Judge Crews concluded that the forum-selection clause was presumptively valid and enforceable. (Doc. # 68 at 5–8.) In doing so, he applied the "presumption" analysis, which provides that "[f]orum-selection clauses are presumptively valid under federal law and should not be set aside unless the party challenging the clause demonstrates that enforcement would be unreasonable." (*Id.* at 5 (citing *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 12 (1972)).) The Magistrate Judge explained that enforcement of a forum-selection clause

"is unreasonable if (1) it was incorporated into a contract as a result of fraud, undue influence, or overweening bargaining power, (2) the selected forum is so gravely difficult and inconvenient that the complaining party will, for all practical purposes, be deprived of his day in court, or (3) enforcement of the clause would contravene a strong public policy of the forum in which the suit is brought." (*Id.* at 5–6 (citing *Archer v. Darling*, No. 09-cv-01988-PAB-KMT, 2011 WL 861201, at *2 (D. Colo. Mar. 9, 2011)).)

Pertinent to the first point, Magistrate Judge Crews rejected Plaintiff's argument that because Defendant allegedly "fraudulently induced [Plaintiff] into entering the Collaboration Agreement[,]" the Collaboration Agreement forum-selection clause was a product of "fraud" that rendered the clause unenforceable. (*Id.* at 6.) Relying on Supreme Court precedent, due to the absence of any allegations that "the forum-selection clause was incorporated into the Collaboration Agreement because of fraud, undue influence, or overweening bargaining power[,]" the Magistrate Judge concluded that "enforcement of the forum-selection clause" was not unreasonable. (*Id.* (citing *Scherk v. Alberto-Culver Co.*, 417 U.S. 506, 519 n.14 (1974)).) The Court finds no clear error in the Magistrate Judge's reliance on Supreme Court precedent about this point.

Additionally, Magistrate Judge Crews rejected Plaintiff's assertion that "the Court should not enforce the forum-selection clause because the Collaboration Agreement 'is likely to be rescinded, [and therefore,] its forum-selection clause is not valid.'" (Doc. # 68 at 6.) Because there was no binding Tenth Circuit authority addressing this issue, the Magistrate Judge relied on the United States Court of Appeals for the District of Columbia Circuit's *Marra v. Papandreou* decision and determined that either "the

Collaboration Agreement will not be rescinded, and therefore, the forum-selection clause is controlling, or the contract will be rescinded, in which case the forum-selection clause remains valid[.]" (*Id.* at 7 (citing *Marra v. Papandreou*, 216 F.3d 1119, 1125 (D.C. Cir. 2000)).) Therefore, Magistrate Judge Crews concluded that the Collaboration Agreement's forum-selection clause "in this case is a condition precedent to suit under the [Collaboration Agreement] with which [Plaintiff] is obligated to comply." (*Id.*)

With respect to this point, the Recommendation is not clearly erroneous. The Court agrees that there is no Tenth Circuit authority to the contrary. As such, it is not contrary to law for Magistrate Judge Crews to rely on persuasive authority.

Given the Magistrate Judge's finding that the Collaboration Agreement forum-selection clause was enforceable, and that Plaintiff was "not excused from performance under the clause," he turned his analysis to the Supreme Court's *Atlantic Marine* framework in which the burden "shifts to [Plaintiff] to prove extraordinary circumstances as to why [Defendant's] motion should be denied." (*Id.* at 7–8 (citing *Atl. Marine Constr. Co., Inc. v. United States Dist. Ct. for W.D. of Tex. et. al.*, 571 U.S. 49, 62 (2013)).) The Court agrees with Magistrate Judge Crews that Plaintiff failed to meet its burden under the *Atlantic Marine* framework and finds no clear error in the Magistrate Judge's application of the presumption analysis and the *Atlantic Marine* framework to the facts of the instant case. (*Id.* at 7–9.) Plaintiff's Objection to the Magistrate Judge's *Atlantic Marine* analysis is riddled with opaque references to the Magistrate Judge's erroneous application of the *Atlantic Marine* framework in the first place. (Doc. # 73 at 14–15.) That

12

previously rejected and rehashed argument fails to convince the Court that the Recommendation was clearly erroneous. (Doc. # 73 at 14–15.)

Moreover, no extraordinary circumstances warranted the Magistrate Judge's departure from adhering to the mandatory forum-selection clause. As Magistrate Judge Crews correctly noted, "[i]n the presence of a valid forum-selection clause, a 'plaintiff's choice of forum merits no weight'" and "only under extraordinary circumstances unrelated to the convenience of the parties should a § 1404(a) motion be denied." *Atl. Marine*, 571 U.S. at 62; (Doc. # 68 at 3.) Further, "[b]ecause public-interest factors will rarely defeat a transfer motion, the practical result is that the forum-selection clause should control except in unusual cases." *Atl. Marine*, 571 U.S. at 62. This action is not an unusual case. Plaintiff only cites to "public interest" factors related to judicial economy that can also reasonably favor Magistrate Judge Crews' recommendation to transfer Plaintiff's claims to Maryland. (Doc. # 73 at 14–15; Doc. # 68 at 4–5.) Therefore, there is no clear error in the Magistrate Judge's determination that no extraordinary circumstances justify denying Defendant's Motion.

C. **PLAINTIFF'S ENTIRE ACTION SHOULD BE TRANFERRED.**

Magistrate Judge Crews also recommends that the Court employ Rule 21[2] and sever Plaintiff's claims into two actions—a Collaboration Agreement Action (all claims but Claim Six) and Claim Six Action (only Claim Six)—and transfer the Collaboration Agreement Action to Maryland and the Claim Six Action to Delaware. (Doc. # 68 at 10.) With respect to Claim Six, Fraudulent Misrepresentation as to Investment (Doc. # 1 at

---

[2] The Court, "on its own" may "sever any claim against a party." Fed. R. Civ. P. 21.

13

¶¶ 147–153), the Court agrees with the Magistrate Judge that these allegations are related to an Investor Rights Agreement ("IRA") executed between the parties. (Doc. # 68 at 9.) The IRA contained a forum-selection clause that provided:

> The parties agree that **any action** brought by either party **under or in relation** to this Agreement, including without limitation to interpret or enforce any provision of this Agreement, **shall** be brought in, and each party agrees to and does hereby submit to the jurisdiction and **venue** of, any state or federal court located in the County of New Castle, Delaware.

(Doc. # 24-1 at 25, § 5.1 (emphases added).) For similar reasons supporting the Magistrate Judge's determination that Plaintiff's claim for fraudulent inducement as to the Collaboration Agreement did not invalidate the Collaboration Agreement's mandatory forum-selection clause, so too did Magistrate Judge Crews determine that Plaintiff's claim for fraudulent misrepresentation did not invalidate the mandatory forum-selection clause of the IRA. (Doc. # 68 at 9–10.)

Plaintiff contends that the Magistrate Judge erred in recommending the severance of Plaintiff's Claim Six because the IRA's forum-selection clause does not apply to tort claims "predicated upon tort duties" that existed "independent of the yet-to-be-created contract." (Doc. # 73 at 13–14.) Plaintiff argues that whether the IRA forum-selection clause is enforceable is irrelevant because Delaware law settles that Plaintiff's fraudulent misrepresentation claim is outside of the scope of the forum-selection clause. (*Id*.) But Plaintiff's reliance on Delaware law is misplaced. In *Parfi Holding AB v. Mirror Image Internet, Inc.*, the court interpreted an arbitration clause that contained the words "arising out of or in connection with" the arbitration agreement itself. 817 A.2d 149, 151, 156 (Del. 2002).

In the instant case, the Court is faced with a forum-selection clause that contains mandatory language and uses the phrase "any action . . . under or in relation to" the IRA. (Doc. # 24-1 at 25, § 5.1.) The Court is unpersuaded that *Parfi* is on point. As such, it was not contrary to law for the Magistrate Judge to determine that the IRA forum-selection clause was mandatory and covered Claim Six because there were allegations of fraudulent misrepresentation as to an investment governed by the IRA. (Doc. # 68 at 9, 9 n.3.) Accordingly, Plaintiff's objection is overruled.

In adhering to Rule 1's charge to employ the Federal Rules of Civil Procedure to "secure the just, speedy, and inexpensive determination of every action and proceeding," the Magistrate Judge hesitated to recommend transfer of Claim Six to Maryland because such a transfer would "only tee up another venue dispute regarding [Claim Six] and whether it ought to be transferred from Maryland to Delaware." (Doc. # 68 at 10, 10 n.4.) The Court appreciates Magistrate Judge Crews' concern for Rule 1's charge. However, the Court respectfully disagrees that a Rule 21 severance is the best method for achieving Rule 1's goal at this stage. In the Motion to Transfer, Defendant appeared willing to consent to a transfer of Claim Six to the District of Maryland. (Doc. # 24 at 14.) Although Defendant recognized that Claim Six arguably could be brought in Delaware pursuant to the forum selection clause in the IRA, Defendant, nonetheless asserted that the Court should transfer this case to the District of Maryland. (*Id.* at 13.)

Given the Court's determination that eight of nine of Plaintiff's claims must be brought in the District of Maryland and Defendant's apparent willingness to consent to transfer of Claim Six to Maryland, judicial efficiency is best met by keeping Plaintiff's

action intact upon transfer. Indeed, Defendant acknowledged that Claim Six could be based on "royalties under the Collaboration Agreement" which would require transfer of Claim Six to Maryland. (Doc. # 24 at 13 n.3.) Thus, it is not clear that the parties wish to sever Claim Six from the instant action. Accordingly, the Court believes that the interests of judicial economy and efficiency are best served by this court declining to exercise its discretion under Rule 21, and, instead, transfers Plaintiff's entire action to the District of Maryland.

## IV.     CONCLUSION

For the foregoing reasons, the Court ORDERS as follows:

1. Plaintiff's Objection (Doc. # 73) to the Recommendation is OVERRULED;

2. The Recommendation (Doc. # 68) of Magistrate Judge Crews is AFFIRMED AND ADOPTED IN PART as an Order of this Court;

3. Defendant's Motion to Transfer Pursuant to 28 U.S.C. § 1404(a) (Doc. # 24) is GRANTED; and

4. Plaintiff's action shall be transferred to the United States District Court for the District of Maryland.

DATED: August 5, 2019

BY THE COURT:

*Christine M. Arguello*
CHRISTINE M. ARGUELLO
United States District Judge